# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAWN P. WILLIAMS, #09915-036** | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) CIVIL NO. 10-cv-746-JPG |
| **HEARTLAND REGIONAL MEDICAL CENTER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate at all times relevant to this action in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**Facts:**

On July 18, 2006 Plaintiff was taken to the Heartland Regional Medical Center to be treated for an elevated body temperature as well as stomach pain. Upon reaching the hospital, Plaintiff was treated in the emergency room by Defendants Donni and Tammi, who are nurses in that unit. Plaintiff received a number of diagnostic tests, and was eventually admitted to the third floor of the hospital. Plaintiff remained hospitalized until July 23, 2006, and was further treated by Defendants Maureen, Analise, and Erin. Before Plaintiff was scheduled to be released, Defendant Erin administered a drug that rendered Plaintiff unconscious until he was discharged. Since being discharged, Plaintiff has made requests of Defendant Heartland Regional Medical Center to receive copies of his medical records, but these requests have gone unanswered.

**Discussion:**

In his complaint Plaintiff seems to be alleging that Defendants Donni, Tammi, Maureen, Analise, and Erin were deliberately indifferent to his medical needs. The Supreme Court has

recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To Prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he

3

"did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (Courts will not take sides in disagreements with medical personnel's judgments or techniques.) However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff has not alleged that he did not receive treatment at the hands of these Defendants. In fact, he briefly lists the diagnostic tests and medications that he received from these Defendants. Plaintiff does not allege that these tests and medications were administered despite a risk of harm that was known or should have been known to the Defendants. As stated above, even if one of the medications administered by the Defendants was done so in error so as to amount to negligence or malpractice, this is not enough to raise an Eighth Amendment claim. *Duckworth* at 679. As such, this claim against Defendants Donni, Tammi, Maureen, Analise, and Erin is dismissed with prejudice. Plaintiff further alleges that Defendant Heartland Regional has refused to provide him with copies of his medical records. However, Plaintiff's rights are not automatically violated when he is denied a copy of medical records. *See Scruggs v. Jordan,* 485 F.3d 934, 940 (7th Cir. 2007) (Due process rights are not violated where access to medical records is denied as repetitive); *see also Simmons v. Kayria*, 2007 WL 2937013 (C.D. Ill.); *Ramierez v. DelcoreI,* 2007 WL 2142293 (S.D. Tex.) (Failure to provide an inmate a copy of medical records does not amount to a violation of due process rights); *Gotkin v. Miller*, 379 F.Supp. 859 (D.C.N.Y. 1974) (Failure to provide an inmate

4

a copy of medical records does not state a violation of the First, Fourth, Ninth, or Fourteenth amendments.) Plaintiff has not stated a claim upon which relief can be granted against Defendant Heartland Regional Medical Center, and as a result, this claim is dismissed with prejudice.

**Administrative Matters:**

The Court notes that Defendant Analise is listed as 'Alalise' on the docket sheet, but as 'Analise' throughout Plaintiff's complaint. Further, Defendant Erin is mentioned throughout Plaintiff's complaint, but is not listed on the docket sheet. The Clerk is instructed to change Defendant Analise's name on the docket sheet to reflect Plaintiff's spelling, and to add Defendant Erin to the docket sheet.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Defendants **HEARTLAND REGIONAL MEDICAL CENTER, DONNI, TAMMI, MAUREEN, ANALISE,** and **ERIN** are **DISMISSED** from this action. The Clerk is instructed to **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED: February 22, 2011**

                                                   *s/J. Phil Gilbert*
                                                   **United States District Judge**